IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| SAM WANG PRODUCE, INC.<br>300-A Morse Street, NE<br>Washington, DC 20002<br><br>        Plaintiff,<br><br>        v.<br><br>MS GRAND, INC.<br>4811 Forbes Blvd.<br>Lanham, MD 20706<br>Registered Agent: Chan Kim<br>4800 Walden Lane<br>Lanham, MD 20706<br>PRINCE GEORGE'S COUNTY<br><br>        and<br><br>MAN SUN KANG<br>8537 Old Dominion Drive<br>McLean, Virginia 22102<br><br>        and<br><br>MIN SIK KANG<br>8537 Old Dominion Drive<br>McLean, Virginia 22102<br><br>        Defendants. | Case No. _____ |

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff Sam Wang Produce, Inc. ("Sam Wang"), for its complaint against defendants, MS Grand, Inc. ("MS Grand"), Man Sun Kang and Min Sik Kang, alleges:

1

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §2201.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) plaintiff's claims arose in this District and (b) defendants' principal place of business is in this District.

## PARTIES

3. Plaintiff, a Washington, D.C. company with its principal place of business in Washington, D.C., is engaged in the business of buying and selling wholesale quantities of agricultural commodities (hereinafter "produce") in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Defendant, MS Grand, is a Maryland corporation with a principal place of business in Lanham, Maryland, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer.

   b. Defendants, Min Sik Kang and Man Sun Kang, are officers and directors of MS Grand who controlled the day to day operations of MS Grand and were in a position of control over the PACA trust assets belonging to plaintiff.

## GENERAL ALLEGATIONS

5. This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6. Between June 10, 2010 and July 27, 2010, plaintiff sold and delivered to defendants wholesale quantities of produce, which had been moved in interstate commerce, in the amount of $672,752.25, which remains unpaid. Sam Wang's Statement of Account is attached hereto as Exhibit 1.

7. Defendants accepted the produce from plaintiff.

8. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

9. Plaintiff preserved its interest in the PACA trust in the aggregate amount of $672,752.25 by sending invoices to defendants which contained the language required by 7 U.S.C. § 499e(c)(4) and remains a beneficiary until full payment is made for the produce. See representative sample copies of plaintiff's invoices attached hereto as Exhibits 2.

10. Defendants have not disputed the debt in any way and have failed to make payment to plaintiff in accordance with the trust provisions of the PACA.

11. Defendants' failure, refusal, and inability to pay plaintiff the undisputed amount owed to plaintiff demonstrates that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

## Count 1

(Failure to Pay Trust Funds)

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of defendants to make payment to plaintiff of trust funds in the amount of $672,752.25 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $672,752.25 to plaintiff.

## Count 2

### (Failure to Pay For Goods Sold)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendants failed and refused to pay plaintiff an amount of $672,752.25 owed to plaintiff for goods received by defendants from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $672,752.25 against the defendants, jointly and severally.

## Count 3

### (Unlawful Dissipation of Trust Assets by a Principal – Man Sun Kang)

16. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. Defendant, Man Sun Kang, is an officer and director of MS Grand during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

18. Defendant, Man Sun Kang, failed to direct MS Grand to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

19. Defendant Man Sun Kang's failure to direct MS Grand to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by an officer.

20. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff requests judgment against defendant, Man Sun Kang, in the amount of $672,752.25.

### Count 4

(Unlawful Dissipation of Trust Assets by
a Principal – Min Sik Kang)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. Defendant, Min Sik Kang, is an officer and director of MS Grand during the period of time in question and who was in a position of control over the PACA trust assets belonging to plaintiff.

23. Defendant, Min Sik Kang, failed to direct MS Grand to fulfill its statutory duties to preserve PACA trust assets and pay plaintiff for the produce it supplied.

24. Defendant Min Sik Kang's failure to direct MS Grand to maintain PACA trust assets and pay plaintiff for the produce it supplied was an unlawful dissipation of trust assets by an officer.

25. As a result of said unlawful dissipation of trust assets, plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, plaintiff request judgment against defendant, Min Sik Kang, in the amount of $672,752.25.

### Count 5

(Interest and Attorneys Fees)

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27. PACA and plaintiff's invoices entitle plaintiff to recover prejudgment interest and attorney's fees incurred to collect any balance due from defendants.

28. As a result of defendants' failure to make full payment promptly for the produce sold and delivered to defendants, plaintiff has lost the use of said money.

29. As a result of defendants' continued failure to make payment for the produce sold and delivered to defendants by plaintiff, plaintiff has been required to pay attorney's fees and costs in order to bring this action to require defendants to comply with their statutory duties under PACA and the invoices.

WHEREFORE, plaintiff requests judgment against each of the defendants, jointly and severally, for prejudgment interest, costs and attorneys fees.

Dated this 20th day of August, 2010.

Respectfully submitted,

McCARRON & DIESS

By: /s/ Louis W. Diess
    Louis W. Diess, III, Bar No. 10812
    Kate Ellis, Bar No. 16373
    Maria C. Simon, Bar No. 17238
    4530 Wisconsin Ave., NW
    Suite 301
    Washington, D.C. 20016
    (202) 364-0400
    (202) 364-2731 – facsimile
    ldiess@mccarronlaw.com
    kellis@mccarronlaw.com
    msimon@mccarronlaw.com
    Attorneys for Plaintiff