IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SAM WANG PRODUCE, INC. et al.** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No. **PJM 10-2286** |
| | * | |
| **MS GRAND, INC., et al.** | * | |
| | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

This receivership proceeding is before the Court on Applications to Approve Fees and Expenses of Marc Weinsweig, as Receiver, and WeinsweigAdvisors, as Advisors to the Receiver, for the Period of March 22, 2013 through February 28, 2014 (Dkt. 233) and of McGuireWoods LLP, counsel for the Receiver, for March 22, 2013 through January 31, 2014 (Dkt. 234). The Court requested additional detail after the initial filings, and a Memorandum in Support of the Applications followed. United Leasing Corporation is the only party that has filed an objection. For the reasons that follow, the Applications are **GRANTED-IN-PART** and **DENIED-IN-PART**.

**I.**

The factual and procedural background of this case is set out in the Court's Order of March 22, 2013. Briefly, the Court appointed a Receiver to oversee the assets and affairs of certain grocery stores owned by bankrupt defendants MS Grand, Inc., Min Sik Kang and Man Sun Jang. The Receivership Order appointed Marc Weinsweig of WeinsweigAdvisors LLC as Temporary Equity Receiver (the "Receiver") for all property of the Kang companies. The Order set the Receiver's fees as follows:

> $375.00 per hour for Marc Weinsweig, reasonable hourly rates for support staff of the Receiver, and reasonable rates for third party professionals and vendors, including but not limited to attorneys and accountants retained by the Receiver to assist him in fulfilling his duties and obligations as set forth in this Order. The Receiver shall also be entitled to reimbursement for all reasonable travel expenses.

Dkt. 57 at ¶7. All payments for such fees and expenses "may be made . . . upon fee statements filed by the Receiver on a monthly basis to which no objection is filed within fifteen (15) days after the filing of the fee statement." *Id*. "The Court reserves the right to reduce any fees which it deems to be excessive, including fees charged pursuant to this Paragraph." *Id*.

Shortly after the Receivership Order was entered, McGuireWoods LLP entered its appearance as counsel for Weinsweig. Dkt. 58-60. No separate Motion was filed with the Court to approve the appointment or billing rates of the firm. The Receiver's first fee statement was filed on April 1, 2013, and included the rates of the Receiver's staff. Dkt. 62. McGuireWoods' first fee statement was filed on April 10, 2013, and included hourly rates for several attorneys and paralegals. Dkt. 65. All such fee statements have been filed monthly without objection.[1]

The Receiver's and McGuireWoods's current Applications to Approve Fees and Expenses are for the Period of March 22, 2013 through February 28, 2014 and January 31, 2014, respectively. Dkt. 233, 234. The Receiver requests $692,906.25 in fees and $73,884.79 in expenses. McGuireWoods requests $678,502.00 in fees and $2,542.85 in expenses.

**II.**

In calculating an appropriate fee award, federal district courts begin by "determin[ing] a 'lodestar' figure by multiplying the number of reasonable hours expended times a reasonable rate." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986)). Courts then take into account the factors originally set forth in

---

[1] After directing McGuireWoods to further detail its filing, the firm was instructed to not bill for the time spent responding to the Court's request. Dkt. 240.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) when assessing the reasonability of an attorney's rate and hours:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Brodziak*, 145 F.3d at 196 (quoting *E.E.O.C. v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990)).

Even where no party to a proceeding objects, the Court nonetheless is obliged to assess the reasonableness of these charges.

## III.

### A. Receiver Fees

Receiver Weinsweig billed at the approved rate of $375.00 per hour, but performed less than 25% of the actual work billed by himself and his staff. Instead, Edmund Tedeschi, an accountant, performed some 70% of the total hours worked, billing at a rate of $325.00 per hour. This request has given the Court some pause. Tedeschi appears to have performed substantial work from his home in West Chester, Pennsylvania, but also indicates a total of 203 hours spent traveling to the Grocery Stores, which are located in Southern Maryland and Northern Virginia.[2] Dkt. 272 at 11; Ex. C to Mem. at Dkt. 251-3. Although Tedeschi has billed his travel time at 50%, at half hour billing increments, this still results in 101.5 hours of travel time billed by him

---

[2] The stores are located in Falls Church, VA; Sterling, VA; Gaithersburg, MD; Centreville, VA; Alexandria, VA; and Laurel, MD.

alone. Thus Tedeschi billed between 1 and 1.5 hours each time he traveled from West Chester to one of the Grocery Stores. *See* Dkt. 251-3.[3]

The Receiver and McGuireWoods characterize Tedeschi's travel not as "commuting between his home and regular place of work, but rather travel for special assignment." Dkt. 272 at 12. The Court does not concur. The central locus of activity in this case has been in Southern Maryland and Northern Virginia, where the Grocery Stores are located. Without intending to diminish Tedeschi's qualifications or the quality of his service, certainly Weinsweig could have engaged an individual from the greater Washington, D.C. metropolitan area who would not have had a 3-4 hour daily commute; instead he chose to hire someone with whom he has a pre-existing professional relationship. While this in and of itself is not inappropriate, the Court feels that the burden for that choice should not fall upon the corpus of the receivership estate. The Receivership Order provides for reimbursement for "all reasonable travel expenses." The Court finds that payment for the time Tedeschi spent traveling between West Chester, PA and the Grocery Stores is not, under all the circumstances, reasonable.

The Receiver is directed to promptly recalculate the fees and expenses for himself and his staff, deducting all fees claimed for time spent by Tedeschi traveling between the various Grocery Stores and Tedeschi's home or the homes of any of the Receiver's staff. The Receiver and his staff may not bill for this time in the future. Nor may he bill for the time it takes to prepare the requested re-calculation.

### B. Attorney Fees

The rates of McGuireWoods' attorneys and paralegals vary by individual and were increased for each person on January 1, 2014. The highest hourly rate was for Stephen Busch,

---

[3] Tedeschi has written off a total of 8 hours of his travel time, or $2,600. Curiously, this was the only amount that the Receiver discounted, whereas McGuireWoods wrote off and voluntarily discounted $60,908.50 worth of fees, presumably on the theory that there were inefficiencies.

who billed at $725 for a single total hour. David Swan billed at an hourly rate of $675 for 89 hours, and Cecil Martin billed at $635 per hour for 6.2 hours. James Van Horn has expended the vast majority of the hours on this case, performing 50% of the work over the time period in question at a rate of $600 per hour in 2013; and as of 2014 at the rate of $650 per hour. Paralegals billed at rates as high as $355 per hour. *See* Dkt. 251 at 7-8.

Again, the Court takes pause.

In the United States Bankruptcy Court, when an attorney is retained to assist a Trustee, an order approving the employment of counsel is typically entered by the Bankruptcy Court upon application of the trustee. Bank. R. 2014; 11 U.S.C. § 327. *See also* 11 U.S.C. § 329 (attorney representing debtor files a statement of compensation with the court). The Court notes that in *In re Game Trading Technologies, Inc.*, No. 12-11519-NA, a case relied on by McGuireWoods, upon its entry into the case the firm filed an application to serve as counsel to the debtors and debtors in possession. That application set forth proposed hourly rates for named attorneys and staff, noted that the hourly rates were subject to periodic adjustments, and indicated the range of rates for partners, associates and paralegals. A similar motion was filed by counsel in each case cited by McGuireWoods in their Reply.

Here the Court had no such opportunity at the outset to review and approve either current or future rates to be charged by McGuireWoods. At no point was it put forth that the rates would increase over time. At this stage, the Court is not inclined to retroactively approve rate increases. Every attorney and paralegal working on this matter must hereafter charge what they were charging at the time of their initial entry into the case.[4] McGuireWoods is therefore directed to recalculate its fees based upon its initial hourly rates, and submit such calculation to the Court, again without charging for the time it takes to prepare and submit the re-calculation.

---

[4] Thus, for example, Mr. Van Horn's rate shall not exceed his $600 per hour rate as of 2013.

## IV.

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Applications (Dkt. 233, 234) such that the requested fees and expenses claimed are approved and allowed, except that, as to all fees in these Applications, neither the Receiver nor his staff may bill for any time spent traveling between the Grocery Stores and his or her home, and no attorney or paralegal at the McGuireWoods firm may bill at any rate higher than they were billing as of the time of their entry into the case in 2013.

Both the Receiver and McGuireWoods are directed to submit re-calculations of their requested fees consistent with this Opinion.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**June 27, 2014**                    **UNITED STATES DISTRICT JUDGE**