___ FILED       ___ ENTERED
___ LODGED      ___ RECEIVED

JAN 2 2 2015

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAM WANG PRODUCE, INC. et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil No. **PJM 10-2286** |
| MS GRAND, INC., et al. | * | |
| Defendants | * | |

## MEMORANDUM OPINION

This receivership proceeding is before the Court on the Receiver's Final Report and Motion for Order Approving Wind Up of Receivership and Related Relief (Dkt. 327). Tong Sik Mun has filed the sole Objection to Receiver's Final Report and Motion (Dkt. 328). For the reasons that follow, Mun's requested relief is **DENIED** and the Motion for Order Approving Wind Up of Receivership and Related Relief is **GRANTED**.

### I.

The factual and procedural background of this case is set out more fully in the Court's Order of March 22, 2013. Briefly, the Court appointed Marc Weinsweig of WeinsweigAdvisors LLC as Temporary Equity Receiver (the "Receiver") to oversee the assets and affairs of certain grocery stores owned by bankrupt defendants MS Grand, Inc., Min Sik Kang and Man Sun Jang. Various parties intervened. On September 8, 2014 the Receiver filed a Motion for an Order Approving Settlement Agreements and Granting Requested Relief, relating to two interrelated settlement agreements between the parties. The Court granted that Motion on October 1, 2014.

On November 21, 2014 the Receiver filed his Final Report and the instant Motion for Order Approving Wind of Receivership and Related Relief. Responses were due by December 8,

2014. Four days later, on December 12, 2014, Mun filed his current objection, styled "Objection to Receiver's Final Report", in which he asserts claims against Grand Mart for purported violations of the Age Discrimination in Employment Act ("ADEA"), and also a failure on the part of the Receiver to properly notify him of the instant proceedings. Mun, who filed his Objection *pro se*, is not a party to the action or the settlement agreement, nor has he formally entered an appearance in this Court. The Receiver replied to Mun's Objection on December 15, 2014.

## II.

After reviewing the Kang Companies' files and records over the course of the receivership, the Receiver identified potential claimants who might have claims against the Kang Companies, the Kang Companies' receivership estates, or assets or funds in the possession of the Receiver. Mun was identified as one of these potential claimants. The Court also established a timeline by which potential claimants could submit their claims to the Receiver, establishing September 30, 2013 as the Claims Bar Date, by which time the claimant must have submitted the claim to the Receiver or be forever barred from asserting the same. The Receiver served Mun with the Bar Date Notice via first class mail on September 3, 2013 (Dkt. 108 at 2). On October 2, 2013, two days after the Bar Date, Mun filed a claim with the Receiver for $178,966.65 against Grant Mart International Food, LLC ("Grand Mart") (Dkt. 119-1 at 9). Eleven months later, on September 9, 2014, the Receiver served Mun with the Motion for Order Approving Settlement Agreements and Granting Related Relief and Memorandum of Law in Support of the Motion via first class mail (Dkt. 311 at 72). Finally, on November 21, 2014, the Receiver served Mun with a Notice of the Final Report Motion (Dkt. 327-11 at 30). Only then, on December 12, 2014, did

Mun pay mind to the fact that an over-all settlement had been reached in the proceeding and the case was about to close.

In his Objection, Mun opposes closure until such time as he is provided with every pleading in this case and has had time to answer each such pleading, or until such time as this Court "adds him" to the case "and/or" declares that a claim that he filed against Grand Mart in the Eastern District of Virginia "does take precedent [sic] over this issue." In support, Mun advances three arguments, none of which has merit.

First, he argues that the Receiver failed to provide him a copy of the Final Report "and/or any other pertinent documents." But Mun, the record shows, *was* properly served with the Notice of the Final Report Motion, which states that copies of the Final Report Motion or Memorandum of Law may be obtained by contacting the Receiver's counsel. Mun apparently never did so.

Second, Mun argues that the Receiver was aware that he had filed suit against Grand Mart in the Eastern District of Virginia for violations of the ADEA, and that that court awarded him a default judgment in the amount of $263,899. However, the record shows on December 12, 2014, the federal court in Virginia dismissed Mun's complaint without prejudice, stating that it had just learned that Grand Mart was subject to another court proceeding and that its property was under control of an equity receiver. *See* Order, ECF No. 28, *Tong Sik Mun v. Grand Mart Int'l Foods, LLC*, 13-AJT-1229 (E.D.V.A. December 12, 2014).[1] Assuming that Mun is mistaken and is not intentionally attempting to mislead this Court, the fact is that he has not been awarded a default judgment against Grand Mart.

---

[1] As the Receiver correctly notes, the federal court in Virginia dismissed Mun's complaint on the grounds that Grand Mart is a debtor in a bankruptcy proceeding, and appears to have inadvertently referenced Grand Mart as being a debtor in the bankruptcy case of MS Grand, Inc. The Virginia federal court correctly stated that all of Grand Mart's property is under the control of an equity receiver pursuant to Court Order, which is to say, the instant proceeding. *See* Receiver's Reply Br. at 5 n.4 (Dkt. 329).

Third, Mun argues that the Receiver's failure to add him as a party with a claim has prejudiced his ability to be justly compensated for the wrongful acts committed by Grand Mart. The Receiver argues correctly, however, that it had no obligation to add Mun as a party to this case. Indeed, as noted above, Mun filed his claim after the Claims Bar Date expired which, per this Court's August 9, 2013 Claims Bar Date Order (Dkt. 103 at 3-4), renders Mun forever barred and permanently enjoined from asserting his claims. Even if Mun did have a valid claim, it would at best be a pre-receivership unsecured claim. Under the Settlement Agreement that the Court approved on October 1, 2014, unsecured creditors are receiving no recovery at all. Given Mun's dilatory assertion of his rights - despite fair notice of relevant proceedings and deadlines and given the futility of his claim in any event - the Court finds that Mun has suffered no unfair prejudice and declines to afford him his requested relief.

## IV.

For the foregoing reasons, Mun's Objection to Receiver's Final Report (Dkt. 328) is **OVERRULED**. The Court has reviewed and considered the Receiver's Final Report and Motion for Order Approving Wind Up of Receivership and Related Relief, the Memorandum of Law filed contemporaneously therewith, and notes the absence of any objections to said Motion other than Mun's. Having found good cause for the requested relief, the Court **GRANTS** the Motion for Order Approving Wind Up of Receivership and Related Relief (Dkt. 327).

A separate Order will **ISSUE**.

January 21, 2015

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE